### City of Pinckneyville v. C. R. and Theodore Rhine.

1. DAMAGES—*Resulting from the Construction of Public Works.*— All damages resulting from the construction of public works, of a permanent character, present and prospective, must be recovered in one action.

Trespass on the Case, for lands taken for public use, etc. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

C. R. HAWKINS and J. K. P. RAGLAND, attorneys for appellant.

B. W. POPE and I. R. SPILMAN, attorneys for appellees.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This action was brought to recover damages caused by the construction and maintenance of the same dam as was complained of in City of Pinckneyville v. Hutchings, in which an opinion is filed at this term. The damages recovered in the case at bar were assessed by the jury at $200, for which sum and costs judgment was entered, and the city took this appeal. The same question is presented in this case as in the case above mentioned, and the same instruction is complained of. The plaintiff below had the right to recover all damages in this action to the fair market value of his land, present and prospective, necessarily resulting from the construction of said dam, and was not restricted to the recovery of those damages only which had already resulted up to the time suit was commenced.

We have said this in the opinion filed in the case mentioned, and held the instruction was not erroneous. It is not necessary to again discuss the question presented, as we have already done so in the opinion referred to. The judgment is affirmed.